IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROYAL ARCHITECTURAL PRODUCTS, LTD. | § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| ACADIA INSURANCE COMPANY, BRUCE MOORE and CHRISTINE SILCOX | § § § | |

*Removed From*

**CAUSE NO. 104713-B**

| | | |
|---|---|---|
| ROYAL ARCHITECTURAL PRODUCTS, LTD. | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| VS. | § § | POTTER COUNTY, TEXAS |
| ACADIA INSURANCE COMPANY, BRUCE MOORE and CHRISTINE SILCOX | § § § | |
| *Defendants.* | § | 181ST JUDICIAL DISTRICT |

---

**ACADIA INSURANCE COMPANY'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGE OF THIS COURT:

Please take notice that Acadia Insurance Company, a defendant in the above-captioned

action, hereby notes the removal of this civil action to the United States District Court for the

Northern District of Texas, Amarillo Division, from the 181st Judicial District Court of Potter

County, Texas, as provided by 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for removal are

more particularly stated as follows:

## I.   PROCEDURAL HISTORY

1.      On July 17, 2015, Royal Architectural Products, Ltd. filed its Original Petition in Potter County, Texas.[1]   In its Original Petition, Plaintiff named three defendants, Acadia Insurance Company ("Acadia"), Bruce Moore ("Moore) and Christine Silcox ("Silcox").[2]

2.      Defendant Acadia was served with Plaintiff's Original Petition on August 4, 2015.

3.      Defendant Moore was served with Plaintiff's Original Petition on August 4, 2015.

4.      Defendant Silcox was served with Plaintiff's Original Petition on August 4, 2015.

## II.   TIMING

5.      This Notice of Removal is filed within thirty (30) days of receipt of the first service of the Original Petition on Acadia, and is therefore timely filed under 28 U.S.C. §1446(b).

## III.   DIVERSITY

6.      Plaintiff's Original Petition establishes that the United States District Court for the Northern District of Texas, Amarillo Division, has jurisdiction by reason of the diversity of citizenship of the parties.

7.      Plaintiff is a Texas limited liability company.  According to its Original Petition, it does business in Potter County, Texas.[3]   For purposes of removal, it must therefore be presumed that Plaintiff is now, and was at the time this action was commenced, a citizen of the Texas.

---

[1] Plaintiff's Original Petition
[2] *Id.*
[3] *Id.* at pg. 1.

8.      As Plaintiff alleges in its Original Petition, Defendant Acadia is a foreign insurance company.[4]  Indeed, Acadia is an insurance corporation organized under the laws of the State of New Hampshire with its principal place of business in Maine.  This has not changed since the time the action was commenced.

9.      Plaintiff alleges that defendant Moore and Silcox are residents of the state of Texas.[5]  Although Moore and Silcox are citizens of the state of Texas, they have been improperly joined as defendants in this case in an effort to defeat diversity of citizenship.

## A.      Improper Joinder of Moore and Silcox[6]

10.      A defendant may be disregarded as a party if the court determines that its joinder is an improper device to defeat diversity jurisdiction and prevent removal.[7]  To establish that a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction, the removing party must prove that (a) there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or (b) that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.[8]  Whether a plaintiff has stated a valid cause of action depends upon and is tied to the *factual fit* between the plaintiff's allegations and the pleaded theory of recovery.[9]  The petition must state specific "facts warranting liability" in order to defeat removal.[10]

11.      A determination of improper joinder is made based on the causes of action alleged

---

[4] *Id.*

[5] *Id.*

[6] *See also* Brief in Support of Removal, being filed herewith and incorporated herein by reference.

[7] *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *see also Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 571 (5th Cir. 2004)(adopting the term "improper joinder" as being more consistent with statutory language than "fraudulent joinder," which has been used in the past).

[8] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)

[9] *Id.* at 701.

[10] *Id.*

in the complaint at the time of removal.[11]     In this case, Plaintiff's lawsuit arises from a first-party insurance claim related to Plaintiff's property located in Amarillo, Texas.  Specifically, Plaintiff's lawsuit relates to an insurance claim for alleged wind/hail storm damage loss to Plaintiff's property, which allegedly occurred during the terms of the policy.[12]  Plaintiff alleges that Acadia assigned Plaintiff's claim to adjusters, Moore and Silcox, to investigate the loss. [13]

12.     Plaintiff asserts claims against Acadia for breach of contract, breach of the common law duty of good faith and fair dealing and violation of the Texas Insurance Code – Prompt Payment of Claims provision, as well as claims against Acadia, Moore and Silcox for violations of the Texas Insurance Code – Unfair Settlement Practices Act provision.[14]  Plaintiff seeks actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and punitive and exemplary damages.[15]  However, a plaintiff "may not rest upon the mere allegations..[in the] pleadings."[16] The "mere theoretical possibility of recovery under local law" does not preclude removal.[17]

13.     Plaintiff's factual allegations regarding Moore and Silcox do not form the basis of an independent cause of action against them, as opposed to the carrier, Acadia.  Rather, Plaintiff filed suit against Moore and Silcox for the same reason that Plaintiff filed suit against Acadia. Plaintiff is unhappy that Defendant Moore, Silcox and Acadia, "performed an outcome-oriented investigation of Plaintiff's claim, which resulted in biased, unfair and inequitable evaluation of Plaintiff's loss on the Property." [18]

---

[11] *Tedder v. F.M.C. Corp.*, 590 F.2d 115 116 (5th Cir. 1979).
[12] Plaintiff's Original Petition, p. 3.
[13] *Id.*
[14] *Id.* at pp. 7-14.
[15] *Id.* at p. 15.
[16] *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir. 2000).
[17] *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir. 2000).
[18] *See* Plaintiff's Original Petition at p.5.

14.     Plaintiff cannot possibly recover from Moore and Silcox in state court because their alleged actions are indistinguishable from the alleged actions of Acadia.  Plaintiff failed to distinguish between Moore and Silcox's allegedly wrongful acts and those of Acadia, and therefore cannot recover from either Moore or Silcox.[19]  Plaintiff's Original Petition fails to state that Defendants Moore and Silcox acted outside their duties as adjusters.[20]

15.     This is similar to the *Bailey v. State Farm Lloyds* case, which involved the improper joinder of two non-diverse adjusters who were in charge of inspecting the insureds' damaged property and corresponding with them about their insurance claim.[21] The *Bailey* court reasoned that the plaintiffs' allegations were conclusory, finding that:[22]

> [the adjusters'] role in these alleged events, however, is manifestly unclear from the complaint . . . . Missing from the facts is…any description of events that would indicate that [the adjusters] made any misrepresentations or failed to make a good faith effort to settle all of [p]laintiffs' claims after a reasonable investigation.

Accordingly, the *Bailey* court concluded that without elaboration on any actionable conduct on the part of the adjusters, the plaintiffs could not state a claim against them and they were therefore improperly joined.[23]

16.     Formulaic recitations of violations of the Texas Insurance Code that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against

---

[19] *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 U.S. Dist. LEXIS 37418 at *4–5 (S.D. Tex. Mar. 19, 2012)(concluding that "because the Plaintiffs' claims against [the adjuster] are identical to his claims against the corporate Defendants, he fails adequately to state a claim against [the adjuster].")).
[20] *See Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, (S.D. Tex. Apr. 12, 2001).
[21] *Id.* at *1–2
[22] *Id.* at *5.
[23] *Id.*

the individual.[24]  Plaintiff recites the same identical formulaic causes of action against Moore

and Silcox.[25]  Because formulaic recitation of elements of the Texas Insurance Code do not by

itself establish a reasonable basis to predict that a plaintiff can recover against an individual

insurance adjuster, Plaintiff improperly joined Moore and Silcox in this lawsuit.  Thus, Plaintiff's

allegations are insufficient to create a reasonable basis to predict that the Plaintiff will be able to

recover against either Moore or Silcox on any claim.  Plaintiff cannot recover from Moore or

Silcox, and both were therefore improperly joined.

17.     When reviewing a fraudulent joinder claim, a court is to pierce the pleadings to

determine whether, under controlling state law, the non-removing party has a valid claim against

the non-diverse party.[26]  In this case, Plaintiff cannot recover against neither Moore or Silcox for

the causes of action pled against them for violations of the Texas Insurance Code.[27]

---

[24] *Finkelman v. Liberty Mut. Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 56813, 19–21 (S.D. Tex. Feb. 4, 2010); s*ee Lakewood Chiropractic*, 2009 U.S. Dist. LEXIS 99854 at \*3 (holding that verbatim recitations of claim elements from the Texas Insurance Code without allegations illustrating what actions are specifically attributable to the insurance adjuster are insufficient to state a viable claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., 2009 U.S. Dist. LEXIS 43420 at \*3–4 (N.D. Tex.) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., 2009 U.S. Dist. LEXIS 127436 at \*6 (E.D. Tex.) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code"); *Frisby v. Lumbermens Mut. Cas. Co.*, 2007 U.S. Dist. LEXIS 60654 at \*4 (S.D. Tex.) (holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]").

[25] *See* Plaintiff's Original Petition at pp. 7-10.

[26] *LeJeune v. Shell Oil Co.,* 950 F.2d at 271; *see also* Attachment 1.

[27]  *See Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 937 (Tex. App.—Dallas 2007, no pet.); *see also Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 192 (Tex. 1998) (Insurance Code); *2 Fat Guys Inv., Inc. v. Klaver*, 928 S.W.2d 268, 272 (Tex. App.—San Antonio 1996, no writ); *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ).

18.     As such, Plaintiff's joinder of both Moore and Silcox was improper and this Court should disregard their residence for purposes of determining whether complete diversity of citizenship exists.[28]

19.     Since Plaintiff is a citizen of Texas and Acadia is a citizen of a state other than Texas, and because Moore and Silcox have been improperly joined, diversity of citizenship exists among the parties.

### IV.     AMOUNT IN CONTROVERSY

20.     Plaintiff's Original Petition indicates that Plaintiff seeks monetary relief from $200,000 and $1,000,000.00.[29]  Plaintiff seeks actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and punitive and exemplary damages.[30]

21.     Accordingly, it is "facially apparent" that Plaintiff's claims exceed $75,000.00, which is all that is required to satisfy the amount-in-controversy requirement.[31]

22.     Therefore, it is clear that the amount in controversy exceeds the minimal jurisdictional requirements of the Court as set forth in 28 U.S.C. §1332(a).

### V.     ORIGINAL JURISDICTION

23.     Because there exists diversity of jurisdiction between the Plaintiff and Acadia, Moore and Silcox were clearly improperly joined and the amount in controversy exceeds the minimal jurisdictional requirements, this Court has original jurisdiction of this case, pursuant to 28 U.S.C. §1332.  This case may be removed to this Court pursuant to 28 U.S.C. §1441.

---

[28] *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004).
[29] Plaintiff's Original Petition at p. 2.
[30] *Id.* at p. 15.
[31] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## VI.    NOTICE TO STATE COURT

24.    Acadia has given notice of this removal to the District Court of Potter County, Texas.

## VII.    ATTACHMENTS

25.    All pleadings, process, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

## VIII.    CONSENT OF ALL PARTIES

26.    Defendants Moore and Silcox consent to the removal of the state action to this Court.

## IX.    CONCLUSION

27.    For the foregoing reasons, Acadia Insurance Company requests that this Court place this case on the docket of the United States District Court of the Northern District of Texas, Amarillo Division.  Acadia Insurance Company further requests a full and fair opportunity to brief, respond, and argue against any Motion for Remand filed by Plaintiff.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**


By:  /s/ Michael S. Beckelman
     Michael S. Beckelman
     Attorney In Charge
     State Bar No. 24042401
     michael.beckelman@wilsonelser.com
     909 Fannin Street, Suite 3300
     Houston, Texas 77010
     Ph. (713) 353-2000
     Fx. (713) 785-7780

     and

     PACKARD, HOOD, JOHNSON
     & BRADLEY,  LLP
     Mark L. Packard
      State Bar No. 15402550
     mark@packardlawfirm.com
     301 S. Polk, Suite 375
     Lobby Box 34
     Amarillo, Texas  79101
     Ph. (806) 374-3300
     Fx. (806) 374-3381

   **ATTORNEYS FOR DEFENDANT:
   ACADIA INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was served on all counsel in accordance with the Federal Rules of Civil Procedure via certified mail, return receipt requested and/or via facsimile on the 27th day of August, 2015:

Daniel P. Barton
Wayne D. Collins
Barton Law Firm
1201 Shepherd Drive
Houston, Texas 77007

Robert D. Green
Hunter M. Klein
Robert D. Green & Associates, P.C.
440 Louisiana Street, Suite 1930
Houston, Texas 77002

_/s/ Michael S. Beckelman_____
Michael S. Beckelman