B N

Filed
Caroline Woodburn
District Clerk
7/17/2015 6:27:04 PM
Potter County, Texas
By _____ Deputy

CAUSE NO. _____  104713-B

| | | |
|---|---|---|
| ROYAL ARCHITECTURAL PRODUCTS, LTD | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | POTTER COUNTY, TEXAS |
| | § | |
| | § | |
| ACADIA INSURANCE COMPANY, | § | 181st |
| BRUCE MOORE and | § | |
| CHRISTINE SILCOX | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Royal Architectural Products, Ltd., hereinafter referred to as Plaintiff, complaining of Acadia Insurance Company ("Acadia"), Bruce Moore ("Moore") and Christine Silcox ("Silcox") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff is a limited liability company doing business in Potter County, Texas.

EXHIBIT C1

3.      Defendant Acadia is a foreign insurance company engaging in the business of insurance in the State of Texas.  This Defendant may be served with process by serving is registered agent for service: Craig Sparks, 122 West Carpenter Freeway, Suite 350, Irving, Texas 75039.

4.      Defendant Bruce Moore is an individual residing in Texas and may be served with process at the following address: 2808 Kemp, Suite B #332, Wichita Falls, Texas 76308.

5.      Defendant Christine Silcox is an individual residing in Texas and may be served with process at the following address: 1463 Private Road 6395, Alba, Texas 75410.

6.      The Clerk is requested to issue Citations.

## JURISDICTION

7.      Plaintiff stipulates that the damages in this matter are between $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

8.      The court has jurisdiction over Defendant Acadia because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

9.      The court has jurisdiction over Defendant Moore because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

10.      The court has jurisdiction over Defendant Silcox because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

11.     Venue is proper in Potter County, Texas, because the insured property giving rise to this suit is situated in Potter County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## FACTS

12.     Plaintiff is the owner of a Commercial Texas insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Acadia.  Plaintiff owns the insured property, which is specifically located at 1000 West 5th Street, Amarillo, Texas 79101 (hereinafter referred to as "the Property").

13.     Defendant Acadia sold the Policy insuring the Property to Plaintiff.

14.     On or about May 28, 2013, Plaintiff experienced a storm event which caused substantial damage to the Property and constituted a covered loss under the Policy issued by Defendant Acadia.  Plaintiff subsequently opened a claim and Defendant Acadia assigned Defendants Moore and Silcox to adjust the claim.  Defendant Acadia wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the loss.

15.     Defendants Moore and Silcox made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Defendant Moore conducted a substandard inspection of Plaintiff's property evidence by preparing an incomplete estimate, which failed to include all of Plaintiff's storm related damages.  The damages Defendant Moore included in his estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the covered damages sustained.  Further, Defendant Silcox failed to thoroughly review and properly supervise the work of Defendant Acadia's assigned adjuster(s), including Defendant Moore,

which ultimately led to approving an improper adjustment and an inadequate settlement of Plaintiff's claim.

16.     On June 6, 2013, Defendant Silcox wrongly concluded that Plaintiff's claim fell under the Policy deductible by failing to note clear and obvious damage to Plaintiff's property. This compelled Plaintiff to retain the service of a public adjuster who began negotiations with the insurer on behalf of Plaintiff.   After receipt of Plaintiff's public adjuster's estimate, Defendants' hired Rimkus Consulting Group, Inc. to re-inspect the Property.   Plaintiff contends that Rimkus Consulting Group, Inc. is a biased expert hired by Defendant for the purpose of denying and underpaying Plaintiff's claim.   Subsequently, on July 1, 2014, Defendant Silcox issued payment over a year after Plaintiff opened its claim. As a result of Defendants Moore and Silcox's conduct, Plaintiff's claim was underpaid.

17.     Defendant Acadia failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss.   Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff.   Defendant Acadia's conduct constitutes a breach of the insurance contract between Defendant Acadia and Plaintiff.

18.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

19.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

20.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

21.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

22.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

23.     Defendant Acadia failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Acadia's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

24.     Defendant Acadia failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant Acadia's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

25.     Defendant Acadia failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant Acadia has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim.  Defendant Acadia's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

26.     From and after the time Plaintiff's claim was presented to Defendant Acadia, the liability of Defendant Acadia to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant Acadia has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant Acadia's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

28.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT MOORE

#### TEXAS INSURANCE CODE VIOLATIONS

29.     Defendant Moore's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

30.     Defendant Moore is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Acadia, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

31.     Defendant Moore's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

32.     Defendant Moore's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

33.     The unfair settlement practice of Defendant Moore as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(3).

34.     Defendant Moore's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(4).

35.     Defendant Moore's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(7).

36.     Defendant Moore's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.   Defendant Moore refused to even offer more than his own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT SILCOX

### TEXAS INSURANCE CODE VIOLATIONS

37.    Defendant Silcox's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

38.    Defendant Silcox is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Acadia, because individually, she meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

39.    Defendant Silcox's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.    Defendant Silcox's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

41.     The unfair settlement practice of Defendant Silcox as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

42.     Defendant Silcox's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

43.     Defendant Silcox's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.     Defendant Silcox's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.   Defendant Silcox refused to even offer more than her own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

<u>**CAUSES OF ACTION AGAINST DEFENDANT ACADIA**</u>

45.     Defendant Acadia is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

46.     Defendant Acadia's conduct constitutes a breach of the insurance contract made between Defendant Acadia and Plaintiff.

47.     Defendant Acadia's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Acadia insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES**

48.     Defendant Acadia's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

49.     Defendant Acadia's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

50.     Defendant Acadia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Acadia's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

51.     Defendant Acadia's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

52.     Defendant Acadia's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

53.     Defendant Acadia's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

54.     Defendant Acadia's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.   Defendant Acadia refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit.   TEX.INS.CODE §542.003(5).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

55.     Defendant Acadia's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX.INS.CODE §542.060.

56.     Defendant Acadia's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

57.     Defendant Acadia's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

58.     Defendant Acadia's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

59.     Defendant Acadia's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

60.     Defendant Acadia's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Acadia knew or

should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

61.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

62.     Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

63.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of its claim, together with attorney fees.

64.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

65.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of its claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

66.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

67.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

68.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Potter County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## REQUEST FOR DISCLOSURE

69.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**BARTON LAW FIRM**

By:  */s/ Daniel P. Barton*
       DANIEL P. BARTON
       State Bar No.: 00789774
       WAYNE D. COLLINS
       State Bar No.: 00796384
       1201 Shepherd Drive
       Houston, Texas 77007
       (713) 227-4747- Telephone
       (713) 621-5900- Fax
       dbarton@bartonlawgroup.com
       wcollins@bartonlawgroup.com

       **ATTORNEYS FOR PLAINTIFF**

**ROBERT D. GREEN & ASSOCIATES, P.C.**

By:  */s/ Robert D. Green*
       ROBERT D. GREEN
       State Bar No.: 08368025
       HUNTER M. KLEIN
       State Bar No.: 24082117
       440 Louisiana Street, Suite 1930
       Houston, Texas 77002
       (713) 654-9222- Telephone
       (713) 654-2155- Fax
       green@grenntriallaw.com
       klein@greentriallaw.com

       **ATTORNEYS FOR PLAINTIFF**

Filed
Caroline Woodburn
District Clerk
7/17/2015 6:27:04 PM
Potter County, Texas
By _____ Deputy