IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROYAL ARCHITECTURAL PRODUCTS LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:15-CV-00265-J |
| ACADIA INSURANCE CO., CHRISTINE SILCOX, and BRUCE MOORE, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff Royal Architectural Products Motion to Remand.* In that Motion, Plaintiff seeks to remand the above-captioned case to state court on the grounds that this Court lacks subject matter jurisdiction. Plaintiff's Motion is GRANTED.

### BACKGROUND

Plaintiff Royal Architectural Products (Plaintiff) filed its Original Petition in the 181st Judicial District of Potter County, Texas on July 17, 2015. Plaintiff seeks damages for the alleged mishandling of a valid insurance claim for storm damage to its property. Specifically, Plaintiff asserts causes of action for breach of contract, Texas Insurance Code violations, Texas Deceptive Trade Practice Act (DTPA) violations, and breach of the duty of good faith and fair dealing against Defendants Acadia Insurance Company (Acadia), Bruce Moore (Moore), and Christine Silcox (Silcox).

In its Original Petition, Plaintiff alleges that on May 28, 2013, a storm damaged Plaintiff's property. Such property was insured under a policy issued by Acadia. Thereafter, Plaintiff opened

a claim on the policy for damages caused by the May 28th storm. Acadia assigned Moore and Silcox to adjust the claim. Plaintiff alleges that "Defendants Moore and Silcox made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff." Additionally, Plaintiff alleges that Moore conducted a substandard inspection of the property and grossly undervalued damages contained in his estimate. Plaintiff further alleges that Defendant Silcox failed to thoroughly review and properly supervise Moore and wrongfully concluded that Plaintiff's claim fell below the policy deductible. These acts, Plaintiff contends, ultimately led to the underpayment of Plaintiff's insurance claim.

Acadia removed the case to this Court on August 27, 2015. In its Notice of Removal, Acadia argued that removal was proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction over the case—Plaintiff is a citizen of Texas, Defendant Acadia is a citizen of New Hampshire and Maine, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (2015). Defendants Moore and Silcox are also citizens of Texas, which normally precludes a finding of complete diversity. Nevertheless, Acadia argued Moore and Silcox's Texas citizenships are irrelevant and should be disregarded for the purposes of removal because Moore and Silcox were improperly joined by Plaintiff. Specifically, Acadia argues Plaintiff failed to allege a valid state law cause of action against either Moore or Silcox.

Plaintiff filed a Motion to Remand on September 25, 2015. In its Motion, Plaintiff contends that Moore and Silcox were properly joined as party-defendants in this action, and therefore complete diversity of citizenship is lacking. Defendant Acadia filed a Response arguing Plaintiff failed to allege specific conduct by Moore and Silcox that would hold them individually liable and were, therefore, improperly joined. Plaintiff did not file a Reply. It is undisputed that Plaintiff,

Moore, and Silcox are citizens of Texas. Thus, if either Moore or Silcox was properly joined in this lawsuit, this Court lacks diversity jurisdiction.

## DISCUSSION

A defendant may remove a case from state to federal court where there is federal subject matter jurisdiction and the removal procedure is properly followed. *See* 28 U.S.C. § 1441(a) (2015); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Conversely, remand of a case from federal to state court is proper where the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (2015). A federal district court has subject matter jurisdiction over a case involving only state law claims—such as this case—where there is complete diversity of citizenship among the parties and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity exists where "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). If a plaintiff shares the same state citizenship as any one of the defendants, there is no complete diversity and the case is not removable to federal court. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

### *IMPROPER JOINDER*

Improper joinder is a limited exception to the requirement of complete diversity. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It allows a court to disregard an in-state defendant's citizenship when determining whether there is diversity jurisdiction. *See Salazar v. Allstate Tex. Lloyds's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004). Removal of a case from state to federal court is proper when the removing defendant can show that an in-state defendant

was improperly or fraudulently joined by the plaintiff for the purpose of defeating diversity jurisdiction. *See Smallwood*, 385 F.3d at 572–73. The removing party bears the heavy burden of proving improper joinder. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Here, Acadia argues that Moore and Silcox were improperly joined to defeat diversity jurisdiction. Thus, Acadia argues that this Court can disregard Moore and Silcox's Texas citizenships for the purpose of determining whether removal is proper under 28 U.S.C. § 1441. If their citizenships are disregarded, complete diversity of citizenship exists under 28 U.S.C. § 1332(a). Plaintiff is a citizen of Texas and Acadia is a citizen of both New Hampshire and Maine. Thus, if both Moore and Silcox have been improperly joined, this Court has federal diversity jurisdiction, removal of this case to federal court was proper, and Plaintiff's Motion to Remand must be denied. *See Presley v. Am. First Ins. Co.*, No. H–10–4429, 2011 WL 486231, at *3–4 (S.D. Tex. Feb. 7, 2011).

Acadia bears the heavy burden of proving that joinder of Moore and Silcox was improper. *See Smallwood*, 385 F.3d at 576. The Fifth Circuit has identified two methods by which a removing defendant can establish that an in-state defendant has been improperly joined to defeat diversity jurisdiction: (1) by showing actual fraud in the pleading of jurisdictional facts; or (2) by showing that the plaintiff is unable to establish a cause of action against the in-state defendant in state court. *See id.* at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Here, Acadia does not argue that Plaintiff has fraudulently pled jurisdictional facts in its Original Petition. Instead, Acadia argues that Plaintiff is unable to establish a cause of action in state court against either Moore or Silcox.

To establish improper joinder under this second method, Acadia must demonstrate that there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against either Moore or Silcox. *See Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 647–48. The Fifth Circuit has articulated two methods a district court may use to determine if a reasonable basis for recovery exists. *Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). First, the Court may conduct a Rule 12(b)(6)-type analysis of Plaintiff's Original Petition to determine if it states a valid cause of action against Moore or Silcox. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Johnson v. Zurich Am. Ins. Co.*, No. 3:11–CV–0344–P, 2011 WL 3111919, at *2 (N.D. Tex. June 29, 2011). Second, the Court has discretion to pierce the pleadings and consider summary judgment-type evidence to determine if a valid state-law claim exists. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). If a reasonable basis of recovery exists on even one cause of action, the Court must remand the entire suit to state court. *See Edwea, Inc. v. Allstate Ins. Co.*, No. H–10–2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010).

For a Rule12(b)(6)-type analysis, district courts apply the Texas "fair notice" standard in light of Texas Rule of Civil Procedure Rule 91a.1.[1] *Esteban v. State Farm* Lloyds, 23 F. Supp. 3d 723, 731–32 (N.D. Tex. 2014); *New Life Assembly of God of City of Pampa, State of Tex. v. Church Mut. Ins. Co.*, No. 2:15–cv–00051–J, 2015 WL 2234890, at *5 (N.D. Tex. May 12, 2015). To satisfy this standard, the petition must "consist of a statement in plain and concise language of the plaintiff's cause of action." Tex. R. Civ. P. 45(b). The fact that "an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." *Id.* However, if the cause of action has no basis in law or fact, because

---

[1] Texas Rule of Civil Procedure 91a.1 states that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1.

either the allegations do not entitle the claimant to the relief sought, or because "no reasonable person could believe the facts pleaded," then the plaintiff has failed to state a claim. Tex. R. Civ. P. 91a.1.

Under Texas law, insurance adjusters can be sued in their individual capacity for violations of Chapter 541 of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007). To recover against an adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). Here, the parties do not dispute that Moore and Silcox, as adjusters, can be held individually liable for Insurance Code violations. Rather, Acadia contends that "Plaintiff has failed to allege conduct by Moore or Silcox that will hold them liable individually."

*REASONABLE BASIS TO PREDICT RECOVERY AGAINST MOORE AND SILCOX*

Acadia argues that Plaintiff failed to allege sufficient facts showing that, in adjusting Plaintiff's claim, Moore and Silcox committed actionable misconduct under §541.060 of the Texas Insurance Code. Acadia argues that Plaintiff's allegations are insufficient because they are merely legal conclusions couched as factual allegations. Additionally, Acadia argues that Plaintiff's Original Petition does not allege specific acts Moore and Silcox committed that were "wrongful separate and apart from Acadia." Here, Plaintiff's Original Petition contains the following allegations directed specifically at Moore and Silcox

- "Defendants Moore and Silcox made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff."

6

- "Defendant Moore conducted a substandard inspection of Plaintiff's property evidence by preparing an incomplete estimate, which failed to include all of Plaintiff's storm related damages."

- "The damages Defendant Moore included in his estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the covered damages sustained."

- "Defendant Silcox failed to thoroughly review and properly supervise the work of Defendant Acadia's assigned adjuster(s), including Defendant Moore, which ultimately led to approving an improper adjustment and an inadequate settlement of Plaintiff's claim."

- "Defendant Silcox wrongly concluded that Plaintiff's claim fell under the [p]olicy deductible by failing to note clear and obvious damage to Plaintiff's property."

Federal district courts in the Fifth Circuit have reached diametrically opposing conclusions about improper joinder when analyzing state court petitions containing similar allegations against individual insurance adjuster defendants. For example, in *Plascencia v. State Farm Lloyds*, the plaintiff made the following allegations specific to the insurance adjuster: the adjuster improperly adjusted the plaintiff's claim, conducted a substandard investigation, drafted a report which failed to include much of the damage incurred by the plaintiff, misrepresented the cause of, scope of, and cost to repair the damage, and misrepresented the insurance coverage for plaintiff's claim. No. 4:14–CV–524–A, 2014 U.S. Dist. LEXIS 135081, at *4–6 (N.D. Tex. Sept. 25, 2014). The court found that the individual defendant had been improperly joined because plaintiff's petition was limited to conclusory allegations and failed to allege facts "that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster]'s conduct." *Id.* at *15.

Nevertheless, this Court and other courts in the Fifth Circuit previously held that an insurance adjuster was properly joined based on allegations similar to those made by Plaintiff in this case. *See New Life Assembly of God of City of Pampa, Tex. v. Church Mut. Ins. Co*, No. 2:15–CV–

7

0051–J, 2015 WL 2234890, at *7 (N.D. Tex. May 12, 2015); *Almeida v. Balboa Ins. Co.*, No. 7:12–CV–533, 2013 U.S. Dist. LEXIS 77840, at *4 (S.D. Tex., March 8, 2013). The plaintiffs' petitions in both *New Life Assembly of God* and *Almeida* contained specific allegations against the insurance adjuster for § 541.060 violations including: (1) conducting a substandard investigation and inspection of the property; (2) preparing a report that failed to include all damages noted during the inspection; and (3) undervaluing the damages observed during the inspection. *New Life Assembly*, 2015 WL 2234890, at *6; *Almeida*, 2013 U.S. Dist. LEXIS 77840, at *7–8. The district courts held that the specific, factual allegations against the adjusters provided the courts a reasonable basis to predict that plaintiffs could recover against the adjusters for Insurance Code violations.

Here, Plaintiff's Original Petition contains specific, factual allegations against both Moore and Silcox. Plaintiff alleges that Moore conducted a substandard inspection of the property, prepared an estimate that failed to include all storm related damages, and grossly undervalued Plaintiff's damages. Further, Plaintiff alleges that Silcox failed to thoroughly review and properly supervise Moore, approved an improper adjustment and inadequate settlement, and failed to note clear and obvious damage to Plaintiff's property. This conduct, Plaintiff contends, resulted in a wrongful conclusion that Plaintiff's claim fell below the policy deductible.

Resolving all factual disputes and ambiguities in Plaintiff's favor, the Court concludes that Plaintiff's factual allegations in the Original Petition state a plausible claim against both Moore and Silcox. The allegations do have a basis in law and fact: a reasonable person could believe that the facts and allegations, if true, would entitle Plaintiff to relief under the Texas Insurance Code. *See Almedia*, 2013 U.S. Dist. LEXIS 77840, at *7–8. Accordingly, Plaintiff's Original Petition "provides the Court a reasonable basis to predict that [Plaintiff] might be able to recover against

[Moore and Silcox]." *Newton v. State Farm Lloyds*, No. 4:13–cv–00074, 2013 WL 2408127, at *4 (S.D. Tex. May 31, 2013).

Acadia articulates two additional points in support of improper joinder. First, Acadia argues that Plaintiff's counsel previously used identical boilerplate causes of action and factual allegations in other cases. Second, Acadia argues that piercing the pleadings reveals that Plaintiff "cannot prove a cause of action against Moore and that he was improperly joined."

The improper joinder test articulated by the Fifth Circuit focuses only on the question of whether a plaintiff can establish a cause of action against a non-diverse defendant in state court. *See Smallwood v. Ill. Cent. R.R. Co*, 385 F.3d 568, 573 (5th Cir. 2004). That inquiry, which is similar to a Rule 12(b)(6)-type analysis, focuses on whether the allegations in the petition state a valid cause of action under Texas law. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Whether Plaintiff's counsel previously used the same boilerplate causes of action and factual allegations in other cases is simply not relevant to that inquiry.

Next, Acadia contends that piercing the pleadings will show Plaintiff improperly joined Moore. In its Notice of Removal, Acadia attached an affidavit from Moore showing his involvement as an individual field adjuster was limited to inspecting the property and writing an initial repair estimate. Acadia contends that Moore's lack of both decision-making and claim handling authority shows that Plaintiff cannot prove an Insurance Code violation against Moore. However, the Court, without exercising its discretion to pierce the pleadings, need not address this argument in depth. "If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit." *See Edwea Inc. v. Allstate Ins. Co.*, No. H–10–2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010). Plaintiff's Original Petition, at the very least, provides this reasonable basis of recovery for Insurance Code violations against Silcox. Thus,

regardless of whether Moore's limited involvement as an independent field adjuster affects Moore's joinder status, this case must still be remanded to state court. *Id.*

While the allegations do not indisputably establish that Moore and Silcox will be liable under Texas law for one or more of the alleged causes of action, this is not the test. Rather, Acadia carries the heavy burden of showing that Plaintiff has no reasonable possibility of recovery against either Moore or Silcox. *See Smallwood*, 385 F.3d at 573. Acadia failed to meet this heavy burden. For all of the above-state reasons, the Court concludes that Acadia has not satisfied their burden of establishing improper joinder in this lawsuit.

## CONCLUSION

Defendants failed to establish that Plaintiff will be unable to assert a cause of action against both Moore and Silcox under the Texas Insurance Code. The Court concludes Acadia has not shown that Silcox and Moore were improperly joined in this case. Because Plaintiff and Defendants Moore and Silcox are all citizens of Texas, complete diversity does not exist. Thus, this Court lacks federal subject matter jurisdiction over the case. Accordingly, *Plaintiff Royal Architectural Products Motion to Remand* is GRANTED, and this case is hereby remanded to the 181st Judicial District of Potter County, Texas.

It is SO ORDERED.

Signed this the 19th day of November, 2015.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE